UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>   Plaintiff,<br><br> v.<br><br>RAVI,<br><br>   Defendant. | Case No. 1:19-CV-01009-DAD-HBK<br><br>ORDER STRIKING DEFENDANT'S REQUEST FOR RULING<br><br>(Doc. No. 21)<br><br>ORDER SETTING RESPONSE DEADLINES FOR PENDING MOTIONS |

   The matter comes before the Court upon review of the case, which was reassigned to the undersigned on November 17, 2020. (Doc. No. 20). Plaintiff Israel Rios initiated this action on July 24, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1). The then-assigned magistrate judge granted Plaintiff's motion for leave to proceed *in forma pauperis* on August 1, 2019. (Doc. No. 4). On December 2, 2019, the Court screened Plaintiff's civil rights complaint and determined that Plaintiff failed to state any claims against any of the named Defendants. (Doc. No. 7). The Court provided Plaintiff with the opportunity to file an amended complaint. (*Id*. at 4-6). Plaintiff is proceeding on his amended civil rights complaint filed December 27, 2019, which the former magistrate judge directed to be served. (Doc. Nos. 8, 12).

   Pending before the Court are two motions frilled by Defendant Ravi: (1) Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed July 7, 2020 (Doc. No. 16); and (2) Motion to

Strike filed July 8, 2020 (Doc. No. 19). 1). Plaintiff has not filed an opposition to either motion. (*See* docket). On December 21, 2020, Defendant's counsel wrote a letter addressed to the undersigned requesting "a ruling and/or hearing" on the pending motion to dismiss and motion to strike. (Doc. No. 21). That letter was filed as a "Request for Ruling." (*Id.*).

Neither Defendant's Motion to Dismiss nor his Motion to Strike specified a date and time for the motion to be heard as required under Local Rule 230(b). (*See* docket). Under Local Rule 230(b), "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge." The burden to notice the motion falls on the moving party. *Id.* Motions that are "defectively noticed shall be filed, but not set for hearing." *Id.* Opposition to a motion, if any, is due not less than 14 days from the noticed date. Local Rule 230(c).

Defendant's failure to specify a date on either motion may have prevented Plaintiff from becoming aware of when his opposition, if any, to either motion was due. The Court will therefore correct the deficiently noticed motions and provide Plaintiff with a 30-day deadline from date of receipt of this Order to either oppose or file a statement of non-opposition to the motions. Any reply shall be filed no later than 7 days thereafter. Local Rule 230(d). Upon expiration of such time, the motions will be taken under advisement and decided without oral argument under Local Rule 230(g). A hearing will be set only if after review of the record and briefs on file the Court determines one is necessary.

The Federal Rules dictate the appropriate type of pleadings, including how motions are to be filed with the court. Fed. R. Civ. P. 7(b). Letters addressed to the court do not qualify as a motion. Indeed, this Court's Local Rules provide that "[n]o petition or motion shall be addressed to an individual Judge or Magistrate Judge." Local Rule 190(c). The Court will accordingly direct the Clerk of Court to strike Defendant's counsel's letter, labeled as a "Request for Ruling" (Doc. No. 21) from the record.

Accordingly, it is **ORDERED**:

1. Plaintiff may file an opposition, if any, to Defendant's Motion to Dismiss (Doc. No. 16) and Motion to Strike (Doc. No. 19) within **thirty (30) days** from the date of receipt of this Order. Plaintiff's failure to timely file an opposition may be construed by the Court as a non-

opposition to the motion.  Local Rule 230(c).

    2.    The **Clerk of Court** shall strike Defendant's improperly filed letter to the undersigned (Doc. No. 21) and terminate it as pending motion.

IT IS SO ORDERED.

Dated:   June 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE