UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>             Plaintiff,<br><br>      v.<br><br>RAVI,<br><br>             Defendant. | Case No. 1:19-cv-01009-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND STRIKING PROPOSED SECOND AMENDED COMPLAINT<br><br>(Doc. Nos. 23, 24)<br><br>TWENTY-ONE DAY DEADLINE |

      This matter comes before the Court upon Plaintiff's motion to amend to amend his operative complaint, filed on July 21, 2021.  (Doc. No. 23, Motion).  Plaintiff accompanied his Motion with a proposed second amended complaint.  (Doc. No. 24).  Plaintiff Israel Rios, a state prisoner, initiated this action on July 24, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff is proceeding on his amended complaint as screened by the former magistrate judge.  (Doc. Nos. 8, 12).  Defendant Ravi moved on July 7, 2020 to dismiss Plaintiff's amended complaint, which remains pending.  (Doc. No. 16).

      Because Plaintiff has previously filed an amended complaint, Plaintiff may not amend as a right. Fed. R. Civ. P. 15(a)(1).   Instead, Plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff seeks to an amended his operative complaint because "new information" leads Plaintiff to believe that Dr. Nyenke, not Dr. Ravi, the named defendant, is responsible for the claims in his complaint. (Doc. No. 23). Because leave should freely be granted and permitting Plaintiff to prosecute his claim against the correct named defendant would further justice, the Court will permit Plaintiff to file a second amended complaint.

The Court, however, cannot accept Plaintiff's proposed second amended complaint because it is deficient. (Doc. No. 24). It is not signed under penalty of perjury in violation of the Court's procedural rules. Fed. R. Civ. P. 11(a); Local Rule 131(b). Also, despite Plaintiff crossing out Ravi, M.D. and handwriting in Dr. Nyenke as the defendant on the title page and under the section titled "Defendants," Plaintiff continues to name Ravi in the facts and in the relief section of the proposed complaint. (*Id.* at 1, 4, 5). The Court will therefore direct the Clerk to strike Plaintiff's proposed second amended complaint but will permit Plaintiff twenty-one days to file a corrected free-standing second amended complaint.

The second amended complaint will supersede all previous complaints and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220. It must be complete without reference to any prior complaint or any superseded pleading. In the second amended complaint, the claim and the involvement of the defendant must be sufficiently alleged. The complaint should be signed and titled "Second Amended Complaint" in clear, bold type, and contain the above case number.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to amend his complaint (Doc. No. 23) is GRANTED and Plaintiff shall file his second amended complaint **no later than twenty-one (21) days**.

2. The **Clerk of Court** shall strike Plaintiff's proposed amended complaint (Doc. No. 24) and provide Plaintiff with a blank copy of the Court's approved prisoner complaint form.

Dated:   July 26, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE