UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>            Plaintiff,<br><br>      v.<br><br>DR. CHINGERE NYENKE,<br><br>            Defendant. | Case No. 1:19-cv-01009-DAD-HBK (PC)<br><br>SCREENING ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT, STAND ON HIS COMPLAINT, OR FILE VOLUNTARY DISMISSAL[1]<br><br>(Doc. No. 26)<br><br>ORDER DEFERRING RULING ON PLAINTIFF's MOTION TO CONSOLIDATE CASES<br><br>(Doc. No. 29)<br><br>**30-DAY DEADLINE** |

   Plaintiff Israel Rios is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 and is proceeding on his Second Amended Complaint. (Doc. No. 26).  The Second Amended Complaint is subject to screening under 28 U.S.C. § 1915A.  Also, pending is a motion to consolidate cases filed May 20, 2022.  (Doc. No. 29). Plaintiff moves to consolidate this case with related case no. 2:20-cv-0146 that was transferred to

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

1

this Court from the Sacramento Division of this Court. Because the Court finds the operative pleading in this action fails to sufficiently allege an Eighth Amendment claim, the Court finds the motion to consolidate premature and will defer ruling on it pending Plaintiff's election of one of the options set forth below.

## BACKGROUND & ALLEGATIONS IN OPERABLE COMPLAINT

Plaintiff was previously permitted to proceed on his first amended complaint alleging an Eight Amendment Claim for deliberate indifference to Plaintiff's serious medical condition against Defendant Ravi. (Doc. Nos. 8, 10, 12). Defendant Ravi filed a motion to dismiss and a motion to strike to which Plaintiff filed a Second Amended Complaint ("SAC"), mooting Defendant Ravi's motion to dismiss and motion to strike. (Doc. Nos. 17, 19, 26, 27).

The SAC (Doc No. 26) alleges that defendant, Dr. Chingere Nyenke, who is a medical provider at Substance Abuse Treatment Facility – Corcoran ("SATF Corcoran"), was deliberately indifferent to Plaintiff's medical complaints in violation of the Eighth Amendment. The SAC sets forth the following brief facts. Plaintiff arrived at SATF on May 26, 2018. At some point after his arrival, he made "numerous requests" regarding his "extreme pain." Plaintiff was not seen by Dr. Nyenke for approximately 30 days. At his initial consultation, Dr. Nyenke elected to continue Plaintiff's Prilosec prescription for his ulcers, despite Plaintiff's complaints that he wanted treatment for the bacteria H-pylori, which Plaintiff believed was causing his ulcers. Plaintiff made "additional requests regarding pain" that was caused by the bacteria, but did not see Dr. Nyenke again until November 15, 2018. At this appointment, Dr. Nyenke referred Plaintiff to a surgeon. Plaintiff's appointment with the surgeon was scheduled for December 26, 2019. Plaintiff was "mysteriously transferred" on the same day as his appointment to see the surgeon. Plaintiff explained to the attending nurse about his "extreme pain" and asked to see the doctor but was advised by the nurse that that he would have to take the matter up with the next prison. Plaintiff was transferred in "great pain and barely walking" since he did not receive treatment to remove his gallbladder resulting in gallstones and ulcers.

As relief, Plaintiff seeks $750,000 in compensatory damages and punitive damages, if appropriate.

**APPLICABLE LAW**

A.  28 U.S.C. § 1915A

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant.  This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Examples of immunity considered during screening that would preclude relief, include quasi-judicial immunity, sovereign immunity, or qualified immunity.  Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury.  *See* 42 U.S.C. § 1997e(e).  In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims.  *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  The court is not required to accept as true conclusory allegations,

3

unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

**B. Eighth Amendment Deliberate Indifference**

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Such indifference may appear when a

1 prison official intentionally denies or delays care, or intentionally interferes with treatment once
2 prescribed. *Estelle,* 429 U.S. at 104-05.

3 If, however, the official failed to recognize a risk to the plaintiff—that is, the official
4 "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth
5 Amendment. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in
6 original). That is because deliberate indifference is a higher standard than medical malpractice.
7 Thus, a difference of opinion between medical professionals—or between the plaintiff and
8 defendant—generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391
9 F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or
10 treat a condition generally reflects such differences of opinion and not deliberate indifference.
11 *Estelle*, 429 U.S. at 107. To prevail on a claim involving choices between alternative courses of
12 treatment, a plaintiff must show that the chosen course "was medically unacceptable under the
13 circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's
14 health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

15 Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429
16 U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d
17 1062, 1082 (9th Cir. 2013). Misdiagnosis alone is not a basis for a claim of deliberate medical
18 indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). A delay in treatment,
19 without more, is likewise insufficient to state a claim. *Shapley v. Nevada Bd. of State Prison*
20 *Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). It is only when an official both <u>recognizes</u> and
21 <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists. *Peralta v.*
22 *Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). A plaintiff must also demonstrate harm
23 from the official's conduct. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). And the
24 defendant's actions must have been both an actual and proximate cause of this harm. *Lemire*, 726
25 F.3d at 1074.

26 **ANALYSIS**

27 The Court finds the SAC fails to adequately state an Eighth Amendment claim for
28 deliberate indifference to Plaintiff's serious medical condition. The Court presumes for purposes

of this Screening Order that Plaintiff's ulcer and his "extreme pain" constitutes serious medical conditions. However, the SAC provides no facts that Dr. Nyenke was responsible for the 30-day delay in examining Plaintiff upon his arrival at SATF or the further delay from July through November in examining Plaintiff. Nor are there any allegation that Dr. Nyenke knew of or was responsible for Plaintiff's transfer on the day he was scheduled for surgery.

Further, the SAC contains no facts from which the Court can reasonably infer that Dr. Nyenke was deliberately indifferent to Plaintiff's medical condition or extreme pain. At the first appointment, after examining Plaintiff, Dr. Nyenke continued Plaintiff's Prilosec medication for his ulcer diagnosis. Plaintiff's disagreement with Dr. Nyenke's course of prescribed treatment does not give rise to an Eighth Amendment claim. There are no allegations that Plaintiff had a diagnosis of H-Pilori in his records or that Plaintiff told Dr. Nyenke that he had such a diagnosis when Dr. Nyenke examined him. As alleged, Dr. Nyenke examined Plaintiff concerning his extreme pain and after his examination he determined that Plaintiff's condition (an ulcer) was properly treated with Prilosec. At most, Plaintiff's claim that he had something else and required different treatment amounts to a difference in medical opinion between Plaintiff and Dr. Nyenke, which does not give rise to an Eighth Amendment claim. *Toguchi v. Chung*, 391 F.3d at 1057. At most, the SAC alleges a claim of medical malpractice. Further, after Dr. Nyenke' second examination of Plaintiff in November, 2018, he referred Plaintiff to a surgeon. Finally, the SAC contains no allegations how the delay in any medical treatment, even if attributable to Dr. Nyenke, caused Plaintiff substantial harm or further injury. *Clement v. California Dep't of Corrections*, 220 F. Supp. 2d 1098, 1106 (N.D. Cal. 2002), *aff'd*, 364 F.3d 1148 (9th Cir. 2004).

**OPTIONS**

In order to continue the prosecution of this action, Plaintiff must take one of the following three options within thirty (30) days from the date of this Order.

**First Option**: Because the Court cannot determine that the filing of a Third Amended Complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff one final opportunity to file a Third Amended Complaint if he chooses. The Third Amended Complaint supersedes (replaces) the Second Amended Complaint; and, thus, must be free-standing and

complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form and must title it "Third Amended Complaint." Plaintiff is advised that no further amendments will be permitted.

**Second Option**: Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. If the district court dismisses this case finding that the complaint fails to state claim, the dismissal will count as a strike under the PLRA.[2]

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1), which would preclude this action as counting a strike under the PLRA.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to elect and notify the Court of any of the three options, the undersigned will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED:**

1. Within thirty (30) days from the date of service of this order, Plaintiff shall take one of the following actions: (a) file a Third Amended Complaint; (b) file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order; or (3) file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).

2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's

---

[2] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and proceeding *in forma pauperis* once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim counts as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

failure to comply with this Court Order and prosecute this action.

3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as he deems appropriate.

4. The Court defers ruling on Plaintiff's motion to consolidate (Doc. No. 29) pending Plaintiff's election of one of the above options.

Dated:   July 27, 2022

*/s/ Helena M. Barch-Kuchta*
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE