Carter C. White, SBN #164149
U.C. Davis Civil Rights Clinic
One Shields Avenue, Bldg. TB-30
Davis, CA 95616-8821
Telephone: 530.752.5440
Facsimile: 530.752.5788
ccwhite@ucdavis.edu

*Attorney for Plaintiff, Israel Rios*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>             Plaintiff,<br><br>    v.<br><br>JOSEPH DRAGON, N.P. and NANDKUMAR RAVI, M.D.,<br><br>             Defendants. | No. 1:19-cv-1009-ADA-HBK (PC)<br><br>**THIRD AMENDED COMPLAINT FOR DAMAGES** |

Plaintiff ISRAEL RIOS complains and alleges as follows:

INTRODUCTION

      This action arises out of the deliberately indifferent failure of Defendants to treat Plaintiff Israel Rios's diagnosed Helicobacter pylori ("H. Pylori") infection. Mr. Rios was definitively diagnosed with an active H. Pylori infection on March 6, 2018. In subsequent health care appointments, Defendants neglected to prescribe Mr. Rios the appropriate antibiotic treatment. Both Defendants were clearly aware of Mr. Rios's H. Pylori infection—as demonstrated by their progress notes—but failed to adequately treat Mr. Rios, or even ask him if he had ever been treated with antibiotics. And Defendant Dragon's

plan to treat the H. Pylori through biopsy was a treatment plan that no reasonable medical professional would have undertaken in these circumstances. During the ten months Mr. Rios suffered this confirmed, but untreated infection, he experienced severe abdominal pain. He was also subject to an unnecessarily elevated risk of gastritis, duodenitis, and peptic ulcers, as well as a future risk of gastric cancer. Additionally, Defendants' conduct exacerbated his existing gallbladder ailments, eventually culminating in a cholecystectomy to remove his gallbladder.

## JURISDICTION AND VENUE

1. This case is brought under 42 U.S.C. § 1983. Jurisdiction is based on 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) in that this case arises under federal law and seeks damages of the basis of Eighth Amendment civil rights violations. This court has supplemental jurisdiction over state law claims against Defendant Ravi under 28 U.S.C. § 1367.

2. The incidents giving rise to this action took place in Susanville, California while Plaintiff was incarcerated at High Desert State Prison ("HDSP"), and in Corcoran, California while Plaintiff was incarcerated at the Substance Abuse and Treatment Facility State Prison ("SATF"). Therefore, venue lies in the Eastern District of California under 28 U.S.C. § 1391(b)(2) because a substantial part the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. Plaintiff ISRAEL RIOS is a forty-eight year old man who is currently incarcerated in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Correctional Training Facility ("CTF"). During the time period relevant to the actions and omissions described herein, Mr. Rios was incarcerated at High Desert State Prison ("HDSP") and the Substance Abuse and Treatment Facility State Prison ("SATF").

4. Defendant JOSEPH DRAGON, N.P., is a health care provider licensed in California pursuant to Bus. & Prof. Code §§ 2000-2459, who at all relevant times worked at HDSP. In this capacity, he was responsible for the care of Mr. Rios immediately following Mr. Rios's definitive H. Pylori infection diagnosis. Defendant is being sued in his individual capacity. At all times relevant to the allegations herein, Defendant was acting in the course and scope of his employment with CDCR and

1 operating under color of state law.

2     5.    Defendant NANDKUMAR RAVI, M.D., is a health care provider licensed in California pursuant to Bus. & Prof. Code §§ 2000-2459. At all relevant times, Defendant worked in private practice in Bakersfield, CA and had privileges at Mercy Hospital Bakersfield where he performed gastroenterology consultations. In this capacity, he was responsible for the care of Mr. Rios on September 20, 2018, pursuant to a consultation ordered by CDCR staff. Defendant is being sued in his individual capacity. At all times relevant to the allegations herein, Defendant was acting under color of state law.

## GOVERNMENT CLAIMS ACT

6.    By this action, Plaintiff Rios does not bring any claims against Defendant Dragon that require presentation of a government claim as required by California Government Code Sections 810-996.6.

7.    As to Defendant Ravi, Mr. Rios is not required to present a government claim to the requisite public entity because Defendant Ravi is a private actor, not a public employee or official. *See* Cal. Gov. Code § 811.4.

## FACTUAL ALLEGATIONS

8.    At all times relevant herein, Mr. Rios was a California state prisoner and serving a sentence of less than life without parole. Mr. Rios has been incarcerated in CDCR since November 28, 2016 and has a scheduled release date of December 10, 2028.

9.    CDCR transferred Mr. Rios from San Quentin State Prison to HDSP on February 22, 2017.

10.    In or around May 2017, Mr. Rios began experiencing pain in his upper his abdomen, which eventually localized to the upper right quadrant.

11.    On October 5, 2017, Mr. Rios underwent an ultrasound of the area which showed he was suffering from at least one gallstone.

### Mr. Rios presents to the HDSP infirmary with abdominal pain

12.    On December 29, 2017, Mr. Rios presented to the HDSP infirmary (known as the

1  "CTC") complaining of upper right quadrant pain and dizziness. Mr. Rios reported to the nurse that he
2  had recently been diagnosed with gallstones.

3       13.     Based upon Mr. Rios's symptoms and complaints, the on-call physician, Dr. Greenleaf,
4  ordered Mr. Rios be sent to the Banner Lassen Hospital Emergency Room by ambulance.

5       14.     At the emergency room, the ER physician, Dr. Aiken, performed a CT scan of Mr. Rios's
6  abdomen but found no gallstones.

7       15.     Dr. Aiken also ordered an H. Pylori antibody serology level, which came back positive
8  for the presence of H. Pylori antibodies in Mr. Rios's body. An H. Pylori antibody serology level
9  determines if H. Pylori antibodies are currently present, which can mean either that a patient has an
10 active infection, or that the patient previously had an infection.

11       16.     As a result of these findings, Dr. Aiken gave Mr. Rios a presumptive diagnosis of peptic
12 ulcers associated with an H. Pylori infection. He prescribed Pylera, an antibiotic pill appropriate for
13 treating an H. Pylori infection, to Mr. Rios.

14       17.     Mr. Rios returned to HDSP on December 31, 2017 and was sent to the CTC for
15 observation. On January 2, 2018, he was examined and discharged to the yard.

<u>Mr. Rios is diagnosed with an H. Pylori infection</u>

17       18.     On January 5, 2018, Mr. Rios had a follow-up appointment with Dr. Greenleaf, who
18 believed that Dr. Aiken's diagnosis of peptic ulcers was erroneous. Instead, he concluded that Mr.
19 Rios's history and pattern of pain seemed more likely to support a diagnosis of gallstones or a liver
20 problem.

21       19.     Additionally, Dr. Greenleaf believed that the H. Pylori antibody serology test completed
22 at the ER was the incorrect test to determine whether Mr. Rios had an active H. Pylori infection. Instead,
23 he believed that a stool antigen test was proper. In his opinion, it was unknown whether Mr. Rios had an
24 active H. Pylori infection at that time. Dr. Greenleaf elected not to fill Mr. Rios's antibiotic prescription
25 for Pylera and did not order a stool antigen test. Instead, he referred Mr. Rios to gastroenterological
26 ("GI") specialists.

27       20.     The GI specialists bypassed the stool antigen test and instead ordered an endoscopy with

biopsy (referred to as an "EGD"). Mr. Rios underwent the EGD procedure on March 1, 2018.

21. On March 6, 2018, the pathology report from the EDG came back and showed Mr. Rios was suffering from an active H. Pylori infection.

22. H. Pylori is a stomach bacteria that can cause gastritis (stomach inflammation), peptic ulcers, duodenitis (small intestine inflammation), and bleeding peptics ulcers. An untreated H. Pylori infection puts a patient at elevated risk for gastric cancers.

23. As a Hispanic individual, and an individual in prison, Mr. Rios is a member of two categories of people who are at a higher risk for developing an H. Pylori infection than the average population.

24. Moreover, an active H. Pylori infection can exacerbate other existing gastric problems, like gastritis, duodenitis, and gallbladder problems.

25. From the point of the positive H. Pylori EGD result on March 6, 2018 onward, Mr. Rios should have been treated with antibiotics. Unexplainably, Defendants failed to do so.

<u>Defendant Dragon sees Mr. Rios and fails to treat the H. Pylori infection</u>

26. Mr. Rios was seen at HDSP by Defendant Dragon on May 14, 2018. Defendant wrote in his notes that, in reviewing Mr. Rios's medical records Defendant Dragon "found that he has had an EGD done which confirms his H. Pylori infection. GI specialist plan is to eradicate his H. Pylori infection with biopsy and a possible cholecystectomy . . ."

27. However, Defendant Dragon's interpretation of the GI specialists' plan was incorrect. A bacterial infection like H. Pylori cannot be treated or eradicated through a biopsy. Rather, a biopsy for eradication is generally taken after the patient has undergone antibiotic treatment to confirm that no bacteria remain. The appropriate treatment at the time Defendant Dragon was made aware of Mr. Rios's infection was an antibiotic prescription.

28. In order for Defendant Dragon's biopsy-based treatment plan to be effective, Mr. Rios must have already been treated with antibiotics. However, while Defendant Dragon noted that Mr. Rios was "aware of the EGD findings," he apparently never asked Mr. Rios if he had already been treated with antibiotics or otherwise examined the patient's records to verify this information.

29. CDCR transferred Mr. Rios from HDSP to Solano State prison on May 15, 2018.

30. CDCR transferred Mr. Rios from Solano State Prison to SATF on May 18, 2018.

<u>Defendant Ravi sees Mr. Rios and also fails to treat the H. Pylori infection</u>

31. On June 28, 2018, after being transferred to SATF, Mr. Rios saw his new primary care physician, Chinyere Nyenke, M.D. At this appointment, Mr. Rios informed Dr. Nyenke that he had an active H. Pylori infection and had never received antibiotics. Nevertheless, this physician decided not to prescribe Mr. Rios antibiotics. Instead, he requested another GI consultation with a specialist.[1]

32. On September 20, 2018, Mr. Rios saw this specialist, Defendant Nandkumar Ravi, M.D., at Mercy Hospital Bakersfield. Plaintiff is informed and believes, and upon such information and belief, alleges that he was transported to Mercy Hospital in accordance with an ongoing contractual relationship between CDCR and Mercy Hospital for the purpose of providing medical care to prisoners. As a result of this relationship, Defendant Ravi, as a physician with privileges at Mercy Hospital, was charged with rendering his professional judgment in providing medical care to prisoners.

33. Dr. Ravi also made note that Mr. Rios was suffering from an active H. Pylori infection, but again refused to treat it with antibiotics, recommending instead that Mr. Rios undergo a hepatobiliary iminodiacetic acid ("HIDA") scan—a test concerning the gallbladder. It appears that Defendant Ravi also failed to ask Mr. Rios if he had undergone antibiotic treatment for the H. Pylori.

34. On November 29, 2018, Mr. Rios underwent the HIDA scan, which showed "poor contraction of the gallbladder" and an "abnormal gallbladder ejection of 14%" whereas a normal empty rate is 30% or above."

35. It appears that after this HIDA scan, no mention of Mr. Rios's active H. Pylori infection was included in any progress notes passed between his various providers.

36. CDCR transferred Mr. Rios from SATF to Wasco State Prison on December 26, 2018.

37. CDCR transferred Mr. Rios from Wasco State Prison to CTF on December 27, 2018.

---

[1] Plaintiff's allegations against Dr. Nyenke are brought in the related case of *Rios v. Spearman, et al.*, No 1:19-cv-01009-DAD-HBK (E.D. Cal.); See Second Amended Complaint, ECF No. 26 (Aug, 13, 2021).

<u>Mr. Rios is finally treated with the appropriate course of antibiotics</u>

38. On January 17, 2019, after being transferred to CTF, Mr. Rios was seen by his new primary care physician, Dr. Park. Mr. Rios informed Dr. Park that he had never been treated with antibiotics for his confirmed, active H. Pylori infection.

39. Dr. Park recognized that the acute abdominal pain Mr. Rios had suffered for over a year may plausibly be due, at least in part, to the untreated H. Pylori infection. Dr. Park was the physician who finally prescribed Mr. Rios a 14-day regimen of antibiotics to treat the infection.

40. Mr. Rios experienced some relief from this treatment and was able to cease taking medication to decrease stomach acid for the first time since January 2018.

41. However, his pain was not completely eliminated, so Dr. Park concluded that Mr. Rios's documented gallbladder problems were likely the cause of his remaining pain. He ordered a consult with a general surgeon to explore removing Mr. Rios's gallbladder.

42. On June 13, 2019, Mr. Rios underwent a laparoscopic cholecystectomy to remove his gallbladder. Mr. Rios's acute abdominal pain ceased thereafter.

43. Overall, Mr. Rios suffered from acute abdominal pain for nearly two years, which was caused in part by his untreated H. Pylori infection. In sum, he had a diagnosed but untreated H. Pylori infection from March 2018-January 2019.

44. During this time, Mr. Rios was transferred out of HDSP and between numerous other facilities.

## FIRST COUNT

**Deliberate Indifference to Serious Medical Needs or Serious Risk of Harm**

**(Violation of the Eighth Amendment to the U.S. Constitution)**

(*Against Joseph Dragon, N.P.*)

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set forth in full, and alleges:

46. Defendant Joseph Dragon knew of Mr. Rios's positive diagnosis of an H. Pylori infection and refused to treat it with the proper course of antibiotics, disregarding Mr. Rios's health and safety, in

violation of his Eighth Amendment right to be free from cruel and unusual punishment.

47. This is an action, pursuant to 42 U.S.C. § 1983, to redress the deprivation under color of law, regulation or custom, of rights, privileges and immunities secured to Mr. Rios by the Eighth and Fourteenth Amendments to the United States Constitution, and arising under the Constitution, laws and statutes of the State of California.

48. The Eighth Amendment to the United States Constitution, through the Fourteenth Amendment, imposes on states an obligation to provide for the basic human needs of prison inmates. This obligation includes a requirement to provide adequate and necessary health care.

49. During all times herein, Defendant Dragon acted under color of law of the State of California. Defendant acted willfully and knowingly to deprive Mr. Rios of his right to adequate health care, freedom from cruel and unusual punishment, and from state-occasioned harm.

50. At all times mentioned herein, Defendant Dragon was aware of Mr. Rios's active H. Pylori infection. H. Pylori is a stomach bacteria that can cause gastritis, peptic ulcers, duodenitis, and bleeding peptic ulcers. Defendant Dragon knew that Mr. Rios suffered from acute abdominal pain, gastritis, and duodenitis. Defendant Dragon also knew that a recent EGD had confirmed an active H. Pylori infection.

51. Defendant knew that Mr. Rios's acute abdominal pain warranted appropriate medical treatment, including treating the underlying H. Pylori infection with antibiotics. Defendant Dragon wrote in his notes that the "GI specialist plan is to eradicate his H. Pylori infection with biopsy and a possible cholecystectomy . . .." However, the appropriate treatment for a bacterial infection like H. Pylori is an antibiotic treatment, not a biopsy for eradication. A biopsy for eradication is proper only after a patient has already been treated with antibiotics, in order to assess whether any H. Pylori bacteria remains. Defendant Dragon failed to ask Mr. Rios if he had received an antibiotic treatment. Thus, Defendant Dragon's deliberately indifferent treatment plan was one that no reasonable Nurse Practitioner in similar circumstances would have undertaken.

52. Mr. Rios's continued severe abdominal pain was the reasonably foreseeable results of Defendant Dragon's deliberate indifference in failing to provide the necessary level of care and treatment required by Mr. Rios's known medical conditions, all in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

53. As a direct and proximate result Defendant Dragon's acts or omissions, all committed under color of their authority as CDCR officers and employees, Mr. Rios suffered grievous bodily harm and extreme unnecessary pain, all in violation of his rights under the laws of California and the Constitution of the United States, in particular the Eighth and Fourteenth Amendments.

54. Defendant Dragon's aforementioned acts and omissions were malicious, reckless, and/or accomplished with a conscious disregard of Mr. Rios's rights, thereby entitling Mr. Rios to an award of exemplary and punitive damages according to proof to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## SECOND COUNT

**Deliberate Indifference to Serious Medical Needs or Serious Risk of Harm**

**(Violation of the Eighth Amendment to the U.S. Constitution)**

(*Against Nandkumar Ravi, M.D.*)

55. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set forth in full, and alleges:

56. Defendant Nandkumar Ravi knew of Mr. Rios's positive diagnosis of an H. Pylori infection and refused to treat it with the proper course of antibiotics, disregarding Mr. Rios's health and safety, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

57. During all times herein, Defendant Ravi acted under color of law of the State of California. CDCR officials and employees referred Mr. Rios to Defendant Ravi, a gastroenterology specialist with privileges at an outside hospital which CDCR has contracted with to regularly treat prisoners. In conjunction with CDCR, Defendant Ravi provided medical care to Mr. Rios. Defendant acted willfully and knowingly to deprive Mr. Rios of his right to adequate health care, freedom from cruel and unusual punishment, and from state-occasioned harm.

58. At all times mentioned herein, Defendant Ravi was aware of Mr. Rios's active H. Pylori infection. Defendant Ravi provided medical care for Mr. Rios on September 20, 2018. Defendant Ravi noted Mr. Rios recently underwent an endoscopy that showed an active H. Pylori infection, chronic active gastritis, and duodenitis. Dr. Ravi also knew that Mr. Rios was suffering from abdominal pain that lasted for hours at a time.

59. Defendant knew that Mr. Rios's acute abdominal pain warranted appropriate medical treatment, including treating the underlying H. Pylori infection. However, Defendant Ravi failed to treat the H. Pylori infection with antibiotics, recommending instead that Mr. Rios undergo a hepatobiliary iminodiacetic acid ("HIDA") scan. Dr. Ravi failed to ask Mr. Rios if he had undergone antibiotic treatment for the H. Pylori or ask if an H. Pylori eradication test had been conducted.

60. Mr. Rios's severe abdominal pain was the reasonably foreseeable results of Defendant Ravi's deliberate indifference in failing to provide the necessary level of care and treatment required by Mr. Rios's known medical conditions, all in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

61. As a direct and proximate result Defendant Ravi's acts or omissions, Mr. Rios suffered grievous bodily harm and extreme unnecessary pain, all in violation of his rights under the laws of California and the Constitution of the United States, in particular the Eighth and Fourteenth Amendments.

62. Defendant Ravi's aforementioned acts and omissions were malicious, reckless, and/or accomplished with a conscious disregard of Mr. Rios's rights, thereby entitling Mr. Rios to an award of exemplary and punitive damages according to proof to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## THIRD COUNT

(*Against Nandkumar Ravi, M.D.*)

**(Medical Negligence; Failure to Treat Mr. Rios's Diagnosed H. Pylori Infection)**

63. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if set forth in full, and alleges:

64. Defendant Ravi, in administrating medical care to Mr. Rios, negligently and in violation of the standard of care, failed to treat Mr. Rios's known diagnosis of an active H. Pylori infection with an appropriate course of antibiotics.

65. As licensed health care professional, Defendant Ravi failed to use the level of skill, knowledge, and care, or "standard of care" in the diagnosis and treatment that other reasonably careful health care professionals would use in the same or similar circumstances if presented with a patient in Mr. Rios's condition and with his symptoms.

66. Defendant Ravi breached the standard of care because he had actual knowledge of Mr. Rios's H. Pylori infection and that Mr. Rios needed antibiotics but failed to take reasonable action to treat him. Defendant Ravi at least should have known that the appropriate treatment for a bacterial infection like H. Pylori is antibiotics. His conduct fell below the standard of care because any reasonable doctor in similar circumstances would have known to treat Mr. Rios with antibiotics.

67. As a proximate result of Defendant Ravi's negligent conduct, Mr. Rios's diagnosed H. Pylori infection was not treated, thus contributing to, and causing extreme acute abdominal pain and the unnecessary suffering Mr. Rios sustained for months after his diagnosis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief,

A. For compensatory, general and special damages against Defendants in the amount proven at trial;

B. For costs of suit and reasonable attorneys' fees and costs authorized by law, including by not limited to those pursuant to 42 U.S.C. § 1988:

C. For punitive and exemplary damages according to proof; and

D. For such other relief as the Court may deem proper.

Dated: September 29, 2022                                Respectfully submitted,

*/S/ Carter C. White*

Carter C. White
Supervising Attorney

*Counsel for Plaintiff*
*Israel Rios*