UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. CHINYERE NYENKE,<br><br>        Defendants. | Case No. 1:19-cv-01009-ADA-HBK (PC)<br><br>ORDER RECALLING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 32)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION FOR EXTENSION OF TIME TO FILE THIRD AMENDED COMPLAINT<br><br>(Doc. No. 33)<br><br>ORDER GRANTING PLAINTIFF'S CONSTRUED MOTION REQUESTING APPOINTMENT OF COUNSEL<br><br>(Doc. No. 33) |

      Plaintiff Israel Rios initiated this action as a state prisoner and filed a second amended complaint ("SAC") under 42 U.S.C. §1983. (Doc. No. 26). At the time of the filing of his SAC, Plaintiff was proceeding pro se. On July 28, 2022, the undersigned screened Plaintiff's SAC and found that it failed to state an Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs. (Doc. No. 30). Plaintiff was given three options to exercise within thirty (30) days from July 28, 2022: (1) file a third amended complaint ("TAC"); (2) file a notice that he

intends to stand on his SAC subject to the undersigned recommending the district court dismiss for reasons stated in the July 28, 2022 Screening Order; or (3) file a notice to voluntary dismiss this action without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had been served. (*Id*. at 6-7). Plaintiff did not elect any of the three options and the thirty-day deadline elapsed. *See* docket. As a result, on September 15, 2022, the undersigned issued a Findings and Recommendation ("F&R") recommending that the district court dismiss the action for Plaintiff's failure to prosecute and failure to comply with a court order. (Doc. No. 32).

On September 29, 2022, Mr. Carter White filed objections to the undersigned's September 15, 2022 F&R and also filed a third amended complaint ("TAC"). (Doc. Nos. 33, 34). In the objections, Mr. White informed the Court that he will be representing Plaintiff as pro bono counsel. (Doc. No. 33 at 1; Doc. No. 33-1 at 2). Mr. White explained he planned on drafting a pro se response for Plaintiff to sign and file but "due to the press of business [he] dropped the ball and did not prepare the document." (Doc. No. 33-1 at 2). Mr. White also informed the Court that he was under the impression that he was going to be appointed counsel to represent plaintiff in this action and the related action of *Israel Rios v. Joseph Dragon and Nandkumar Ravi*, 2:20-cv-00146-ADA-HBK. (Doc. No. 33 at 1).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It appears that Plaintiff intended to respond to the Court's July 28, 2022 Screening Order and counsel explains that he drafted a pro se response for Plaintiff to sign and file but unfortunately "dropped the ball." (*See* Doc. No. 33-1 at 2). As a result, a pro se response was not filed. *See* docket. Further, there appears to be a misunderstanding between the Court and Plaintiff's counsel. Plaintiff's Counsel indicates that he was willing to accept an appointment as counsel of record for the Plaintiff and was waiting for such an appointment whereas the Court was under a different impression. Nevertheless, Plaintiff filed a TAC on September 29, 2022. As a result, the Court construes Plaintiff's objections to the September 15, 2022 F&R as incorporating a motion under Rule 6 of the Federal Rules of Civil Procedure requesting an extension of time due to excusable neglect. For the reasons already

2

discussed *supra*, the Court finds that Plaintiff stated good cause due to excusable neglect for an extension of time to file a TAC under Rule 6. The Court, sua sponte and nunc pro tunc, also finds that Plaintiff's TAC is timely filed and will screen it in due course.

Finally, Mr. White has agreed to represent Plaintiff on a pro bono basis in this case. Mr. White notes that Plaintiff has not been able to go to the law library to prepare any legal filings due to his institution being on a constant lockdown. (Doc. No. 33-1 at 2). Further, Mr. White was previously appointed to represent Plaintiff in the related case of *Israel Rios v. Joseph Dragon and Nandkumar Ravi*, 2:20-cv-00146-ADA-HBK where he filed an amended complaint, notice of related cases, and a motion to consolidate, which is also pending in this action. (*Id*.). Mr. White also filed the already discussed objections to the September 15, 2022 F&R and a TAC in this action. (Doc. Nos. 33, 34).

A review of the docket shows this action involves a complex motion to consolidate (Doc. No. 29) as well as multiple attempts at unsuccessfully amending the complaint for violations of the Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs (Doc. Nos. 1, 8, 26). While the United States Constitution does not require the appointment of counsel in a civil case, motions to appoint counsel may be granted when "exceptional circumstances" exist. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases); *see also United States v. McQuade*, 519 F.2d 1180, 81 (9th Cir. 1978). Further, the court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims pro se in light of the complexity of the legal issues involved. *McQuade*, 519 F.2d at 1181; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

The Court construes Plaintiff's explanation concerning appointment of counsel in his objections to the September 15, 2022 F&R as a request to appoint counsel for the entirety of this action. For the reasons discussed *supra*, the undersigned finds that there are exceptional circumstances to warrant granting Plaintiff's construed motion to appoint counsel.

Accordingly, it is **ORDERED**:

1. The September 15, 2022 Findings and Recommendations (Doc. No. 32) are RECALLED.

2. Plaintiff's construed motion requesting an extension of time to file a third amended complaint (Doc. No. 33) is GRANTED and the Court deems the Third Amended Complaint (Doc. No. 34) timely filed and the operative pleading.

3. Plaintiff's construed motion requesting the appointment of Carter White as counsel for Plaintiff in the above-titled matter is GRANTED.

4. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

Dated:    October 18, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

Cc: Sujean Park