UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>NP JOSEPH DRAGON, MD NADKUMAR RAVI,<br><br>        Defendants. | Case No.  1:19-cv-1009-ADA-HBK (PC)<br><br>SCREENING ORDER ON PLAINTIFF'S THIRD AMENDED COMPLAINT<br><br>(Doc. No. 36) |

Plaintiff Israel Rios, a prisoner, initiated this action proceeding *in forma pauperis* by filing a pro se civil rights complaint filed under 42 U.S.C. § 1983.  On September 30, 2022, Plaintiff, assisted by counsel, filed a third amended complaint.  (Doc. No. 36, "TAC").  Plaintiff's TAC is subject to screening under 28 U.S.C. § 1915A.  For the reasons set forth below, the Court finds the TAC states cognizable claims and will direct service of process by separate order.

## I. BACKGROUND

### A. Procedural Posture

Plaintiff's initial complaint named multiple defendants from at least three different correctional institutions, Spearman, Warden at High Desert State Prison; Stuart Sherman, Warden at Substance Abuse and Treatment Facility; Parks, medical doctor at California Training Facility; and Does 1-5.  (Doc. No. 1 at 1-2).  The facts giving rise to the complaint spanned from 2017 through 2019 and concerned the medical treatment Plaintiff received at High Desert State Prison

in relation to his gallstone diagnosis. (*Id.*). Plaintiff had "excruciating pain" until surgery was done in June 2019. (*Id.*). On November 27, 2019, the then-assigned magistrate judge screened the complaint and found that it failed to state a cognizable claim against any defendant. (Doc. No. 7 at 4). Plaintiff was given the option to file an amended complaint. (*Id*. at 4-5).

On December 27, 2022, Plaintiff submitted his First Amended Complaint. (Doc. No. 8, "FAC"). In his FAC, Plaintiff named one defendant, Dr. Ravi. (*Id*. at 2). Plaintiff made one claim for deliberate medical indifference against Dr. Ravi for treatment for ulcers or helicobacter pylori while at Substance Abuse Treatment Facility Corcoran.[1] (*Id*. at 3-4). The then-assigned magistrate judge screened Plaintiff's FAC on May 12, 2020 and found that it stated a cognizable claim. (Doc. No. 10). Service was directed to be initiated on Dr. Ravi who was served on June 16, 2020. (*Id*.; Doc. No. 15). On July 7, 2020, Dr. Ravi filed a motion to dismiss. (Doc. No. 16). In response, Plaintiff filed a motion requesting leave to amend his FAC on July 21, 2021. (Doc. No. 23). In his motion, Plaintiff stated that he acquired new information indicating that Dr. Nyenke was the proper defendant, not Dr. Ravi. (*Id*.). The Court granted Plaintiff's motion to amend his FAC on July 27, 2021, and Plaintiff filed a Second Amended Complaint on August 13, 2021. (Doc. Nos. 25, 26 "SAC"). In his SAC Plaintiff claimed Dr. Nyenke violated the Eighth Amendment by being deliberately indifferent to Plaintiff's medical needs. (Doc. No. 26). Further, because Plaintiff named Dr. Nyenke as the sole Defendant, the Court found Dr. Ravi's motion to dismiss was moot. (Doc. No. 27).

Before the Court could screen Plaintiff's SAC, Plaintiff filed a motion to consolidate which is pending before the Court. (Doc. No. 29). In his motion to consolidate, Plaintiff seeks to consolidate the instant action with another active case, 2:20-cv-00146-ADA-HBK, under Fed. R. Civ. P. 42 and Local Rule 123(b) because the facts in both cases are similar and substantially related. (*Id*. at 2-3). Plaintiff's SAC was screened on July 28, 2022, and Plaintiff was directed to file a third amended complaint ("TAC"), stand on his complaint, or file a voluntary dismissal. (Doc. No. 30). Plaintiff filed a TAC on September 30, 2022 which is now subject to screening.

---

[1] While Plaintiff states H-Pilory in his FAC, the Court understands that Plaintiff was referring to Helicobacter pylori wherever he mentioned H-Pilory in his FAC.

(Doc. No. 36).

**B. Summary of TAC**

The claims giving rise to the cause of action occurred while Plaintiff was confined at High Desert State Prison ("HDSP") where he saw Defendant Dragon, and at the Substance Abuse and Treatment Facility ("SATF") where he was transferred to Mercy Hospital and saw Dr. Ravi. (*Id.* at 2). The TAC names the following two Defendants: (1) Joseph Dragon, N.P., a health care provider who worked at HDSP; and (2) Nandkumar Ravi, M.D., a private physician in Bakersfield California and who had privileges at Mercy Hospital Bakersfield and treated Plaintiff at the hospital on a referral basis. (Doc. No. 36 at 1-3). The TAC sets forth two counts of medical deliberate indifference or serious risk of harm in violation of the Eighth Amendment against Defendant Dragon and Ravi respectively (Counts I and II), and a medical malpractice claim for failing to treat Plaintiff's diagnosed H. Pylori infection under California Law against Defendant Ravi. (*See generally id.* at 1-11).

The following facts are presumed true at this stage of the proceedings. On March 6, 2018, while incarcerated at HDSP, Plaintiff was diagnosed with Helicobacter pylori ("H. Pylori") infection. (*Id.* at 1). Defendants Dragon and Ravi were aware of Plaintiff's diagnosis, but failed to adequately treat Plaintiff for more than ten months. (*Id.* at 1-2). As result of Defendants' failure to properly treat Plaintiff's medical condition, he experienced "severe pain" during that time and the failure to treat his H. Pylori exacerbated Plaintiff's existing gallbladder condition to the point of requiring surgical removal. (*Id.* at 2). Plaintiff claims he faces elevated risk of gastritis, duodenitis, peptic ulcers and gastric cancer due to Defendants' actions. (*Id.*).

More specifically, from January 2018 to March 2018, Plaintiff presented to the medical department at HDSP with various stomach issues. (*Id.* at 4, ¶¶10-20). Following an ordered EGD procedure on March 1, 2018, a physician, who is no longer a named Defendant, diagnosed Plaintiff with an active H. Pylori infection. (*Id.* at 5, ¶20). On May 14, 2018, Plaintiff saw Defendant Dragon, who noted Plaintiff had H. Pylori, and further noted that the GI specialist's "plan is to eradicate his H. Pylori infection with a biopsy and a possible cholecystectomy." (*Id.* at 5, ¶26). Plaintiff submits Dragon's interpretation of the GI plan was incorrect because a bacterial

infection cannot be treated or eradicated through biopsy. (*Id.*, ¶27). Plaintiff faults Dragon for not asking Plaintiff if he was prescribed an antibiotic and/or not reviewing the medical file to confirm he was not on an antibiotic. (*Id*. at 5, ¶28).

CDCR eventually transferred Plaintiff to SATF on May 18, 2018. (*Id.* at 6, ¶29-30). Within a month of his transfer, Plaintiff presented to the medical department at SATF and saw a physician (not named as a defendant in this action) who referred Plaintiff to a GI specialist, Dr. Ravi. (Id. at 6, ¶31). Relevant to this action, approximately four months later, or on September 20, 2018, Plaintiff saw Dr. Ravi at Mercy Hospital Bakersfield. (*Id.* at 6, ¶ 32). Dr. Ravi noted Plaintiff was diagnosed with a H. Pylori infection but did not prescribe antibiotics. (*Id.* at 6, ¶33). Instead, Dr. Ravi recommended a hepatobiliary iminodiacetic acid scan—a test for the gallbladder. (*Id.* at 6, ¶33). CDCR transferred Plaintiff from SATF in December 2018. (*Id.* at 6, ¶36).

As relief, Plaintiff seeks compensatory, general, and special damages; punitive and exemplary damages; attorneys' fees and costs; and any other relief the Court deems appropriate. (*Id.* at 11).

## II. APPLICABLE LAW

### A. Section 1915A Screening and Rule 8

Because Plaintiff commenced this action while he was incarcerated, he is subject to the Prison Litigation Reform Act ("PLRA"), that requires, *inter alia*, that the court screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or

4

where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity that would preclude relief during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege physical injury that need not be significant but must be more than *de minimis*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construes the complaint in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Finally, the Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

If an otherwise deficient pleading could be cured by the allegation of other facts, the pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a pro se litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**B. Threshold Requirements of 42 U.S.C. § 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

1    The statute plainly requires that there be an actual connection or link between the actions
2 of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v.*
3 *Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth
4 Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,
5 within the meaning of section 1983, if he or she does an affirmative act, participates in another's
6 affirmative acts or omits to perform an act which he is legally required to do that causes the
7 deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

### III.  ANALSYIS

#### A.  "State actors" under 42 U.S.C. § 1983

10   Plaintiff identifies as Defendants both a Nurse Practitioner who worked at HDSP,
11 Defendant Dragon, and a private physician in private practice with privileges at Mercy Hospital,
12 Dr. Ravi. While it is clear Defendant Dragon qualifies as a "state actor" for purposes of § 1983, it
13 is unclear from the face of the TAC whether Dr. Ravi qualifies as a "state actor."

14   Private parties are not generally acting under the color of state law for purposes of § 1983.
15 *Williams v. Fresno Cty. Dep't of Child Support Servs.*, No. 1:21-CV-00434-NONE-EPG, 2021
16 WL 2355651, at *5 (E.D. Cal. June 9, 2021) (citing *Price v.* Hawaii, 939 F.2d 702, 707-08 (9th
17 Cir. 1991)("Careful adherence to the 'state action' requirement preserves an area of individual
18 freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing
19 on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be
20 blamed."). For private parties to be acting under the color of state law, the act must be "fairly
21 attributable to the State." *See Collins v. Womancare*, 878 F.2d 1145 (9th Cir. 1989)(finding a
22 citizen's arrest group did not qualify as  "acting under color of state law" for purposes of §
23 1983)(citing *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 937 (1982)). According to *Lugar* to
24 find "acting under the color of state law" requires two elements to be satisfied: (1) the deprivation
25 must be caused by the exercise of some right or privilege created by the State or by a rule of
26 conduct imposed by the State or by a person for whom the State is responsible . . . (2) the party
27 charged with deprivation must be a person who may fairly be said to be a state actor. This may
28 be because he or she is a state official, because he or she has acted together with or has obtained

7

significant aide from state officials, or because his conduct is otherwise chargeable to the State. *Id.*

The TAC alleges Mercy Hospital has an "ongoing contractual relationship" with CDCR for purpose of providing medical care to prisoners. (Doc. No. 36 at 6, ¶32). Dr. Ravi provided medical care to Plaintiff when the CDCR transferred him to Mercy Hospital for medical care. (*Id.*). While the Court has pause at this stage of the proceedings that Dr. Ravi's actions qualify as "state action," or are attributable to the state, the Court will allow the claim against Dr. Ravi to proceed so that the parties may further develop these facts as to whether Dr. Ravi qualifies as a state actor. *See Fonscea v. Kaiser Permanent Medical Center Roseville*, No, 2:16-cv-00889-KJM-EFB, 222 F. Supp.3d 850, 863 (E.D. Cal. May 13, 2006)(denying motion for a preliminary injunction and noting courts often find private physicians do not qualify as "state actors" for § 1983 liability)(citations omitted).

### B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

The TAC alleges a deliberate indifference to a serious medical condition claim under the Eighth Amendment in Counts I and II. To state a claim for medical deliberate indifference, a plaintiff must allege that the medical need was "serious" by demonstrating that a failure to treat "could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotation marks and citations omitted). And a plaintiff must show that defendants' response was deliberately indifferent by alleging that "the course of treatment the [medical officials] chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016). Deliberate indifference is a higher standard than medical negligence or malpractice, and a difference of opinion between medical professionals—or between a physician and the prisoner—generally does not amount to deliberate indifference. *See generally Toguchi v. Chung*, 391 F.3d 1051 (9th Cir. 2004). Misdiagnosis alone is not a basis for a claim, *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and a "mere delay" in treatment, "without more, is insufficient to state a claim of deliberate medical indifference," *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

1  Plaintiff must show that a delay "would cause significant harm and that Defendants should have
2  known this to be the case." *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002).  A decision to
3  avoid more effective medical treatment without a basis on professional judgment and instead
4  based solely on cost may amount to deliberate indifference.  *Estelle*, 429 U.S. at 104; *see also*
5  *Johnson v. Doughty*, 433 F.3d 1001, 1019 (7th Cir. 2006) (discussing that cost-based decisions
6  may amount to deliberate indifference in prisoner medical cases).

7  Regarding the first element of an Eighth Amendment claim—a serious medical condition,
8  the Court finds sufficient facts set forth in the TAC showing Plaintiff had a serious medical
9  condition either from the diagnosis of the H. Pylori infection or due to the pain Plaintiff
10  experienced during the relevant time period.  With regard to the second element—deliberate
11  indifference, while future development of the facts and record in this case may end up showing a
12  mere difference of medical opinion as opposed to an Eighth Amendment violation, accepting the
13  facts as true as the Court is required to do at this stage of the proceedings, the Court finds the
14  TAC states a cognizable Eighth Amendment claim stemming from the fact that Plaintiff's EGD
15  procedure on March 1, 2018, by a physician who is not a named Defendant, diagnosed Plaintiff
16  with an active H. Pylori infection after his EGD procedure.  Thus, at time he was seen by
17  Defendant Dragon and Dr. Ravi, neither treated his diagnosed condition, but instead elected to
18  treat other conditions.  Admittedly, the record evidence may ultimately show that the treatment
19  offered by the Defendants rises only to a difference of medical opinion; however, at the screening
20  stage, the TAC alleges sufficient facts to push it across the *Twombly* pleading threshold.

21  **C.  Medical Malpractice under California Law**

22  Plaintiff also proceeds against Defendant Ravi in Count III on a medical malpractice
23  claim.  Under California law, the elements for professional negligence, such as medical
24  malpractice, are: "(1) the duty of the professional to use such skill, prudence, and diligence as
25  other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a
26  proximate causal connection between the negligent conduct and the resulting injury; and (4)
27  actual loss or damage resulting from the professional's negligence." *Turpin v. Sortini*, 31 Cal. 3d
28  220, 229-230 (1982).  Physicians specializing in a medical area are "held to that standard of

learning and skill normally possessed by such specialists in the same or similar locality under the same or similar circumstances." *Quintal v. Laurel Grove Hospital*, 62 Cal. 2d 154, 159-160 (1964).

Here, the TAC alleges Dr. Ravi, as a medical care professional, failed to use the level of skill, knowledge, and care, or the appropriate "standard of care" in the diagnosis and treatment that other health care professionals would use in the same or similar circumstances if presented with a patient in Plaintiff's condition and with his symptoms. (Doc. No. 36 at ¶¶64-65). Plaintiff alleges Dr. Ravi knew he had H. Pylori infection and needed antibiotics but failed to take reasonable action to treat him. (*Id.* at 11, ¶66). His actions, or inactions, were the proximate cause of Plaintiffs' injuries. (*Id.* at 11, ¶67). Based on the foregoing, the TAC states a cognizable medical malpractice claim under California Law.

Accordingly, it is **ORDERED**:

1. The Court finds the TAC states a cognizable claim for deliberate indifference under the Eighth Amendment against Defendants Dragon and Dr. Ravi, and a state medical malpractice claim against Dr. Ravi.

2. The Court will direct service of process by separate order.

Dated:   November 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE