UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH DRAGON, N.P., and<br>NANDAKUMAR RAVI, M.D.,<br><br>        Defendants. | Lead Case No.  1:19-cv-01009-ADA-HBK<br>Member Case No. 2:20-cv-00146-ADA-HBK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 47, 74)<br><br>ORDER CONVERTING DEFENDANT'S MOTION TO DISMISS AS TO WHETHER DEFENDANT RAVI IS A STATE ACTOR TO A MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No.  47, 74) |

    Pending before the Court is a single pleading incorporating two motions filed by Defendant Nandakumar Ravi in the respective consolidated cases. (Doc. No. 47).[1] The first is a motion for reconsideration of the Court's Order (Doc. No. 45) granting Plaintiff's motion to consolidate this case with a related case. (Doc. No. 47 at 2). The second is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). (*Id*. at 1). Plaintiff timely

---

[1] The Court cites to only the motion as filed in the Lead Case.

filed an opposition (Doc. No. 50), and Defendant filed a reply (Doc. No. 51). On March 8, 2023, the Court heard oral argument on the motion to dismiss. (Doc. No. 53). For the reasons set forth below, the undersigned denies Defendant's motion for reconsideration, converts Defendant's motion to dismiss into a limited motion for summary judgment, and directs the Parties to submit additional briefing.

## BACKGROUND

Plaintiff initiated this action by filing a pro se prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The complaint named as Defendants the wardens of High Desert State Prison ("HDSP") and Substance Abuse Treatment Facility ("SATF"), a physician at California Training Facility, and five Doe defendants. (*See* Doc. No. 1). The complaint alleged deliberate medical indifference to Plaintiff's serious medical needs. (*Id.*). Neither Defendant Dragon nor Defendant Ravi was named in the initial complaint. The previously assigned magistrate judge screened the complaint and found that it failed to state any cognizable claim and granted leave to amend. (Doc. No. 7).

Plaintiff timely filed a first amended complaint, naming only Defendant Ravi as a defendant. (Doc. No. 8, "FAC"). The previously assigned magistrate judge screened the FAC and found that it stated a cognizable claim as to Defendant Ravi and ordered Ravi served. (Doc. No. 12). After Defendant Ravi filed a motion to dismiss and motion to strike portions of the complaint (Doc. Nos. 17, 19), Plaintiff filed a motion to amend, which the undersigned granted. (Doc. No. 25).

Thereafter, Plaintiff filed a second amended complaint, naming only Chinyere Nyenke, M.D., as a Defendant. (*See* Doc. No. 26, "SAC"). Plaintiff also filed a motion to consolidate this case with E.D. Cal. Case No. 2:20-cv-00146. (Doc. No. 29). The undersigned screened the SAC, found it failed to state a cognizable claim, and deferred ruling on the motion to consolidate. (*See* Doc. No. 30).

After the Court granted Plaintiff's construed motion for extension of time (Doc. Nos. 33, 37), the Court appointed counsel for Plaintiff and accepted Plaintiff's late-filed third amended complaint, naming Joseph Dragon and Nandakumar Ravi as Defendants. (Doc. No. 36, TAC).

1  The undersigned screened the TAC and found it stated cognizable claims of deliberate medical

2  indifference against Defendants Dragon and Ravi, and ordered the Defendants served.  (Doc. Nos.

3  39, 40).  The undersigned then issued an Order granting Plaintiff's Motion to Consolidate.  (Doc.

4  No. 45).  Defendant Ravi thereafter filed the instant Motion to Dismiss and Motion for

5  Reconsideration.  (Doc. No. 47).

**ANALYSIS**

**A.  Motion for Reconsideration**

1.  <u>Legal Standard</u>

A motion for reconsideration or relief from a judgment is appropriately brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b).  Because Defendant filed his motion less than 28 days after issuance of the judgment being challenged, the Court construes Defendant's motion as brought under Rule 59(e).

Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted).  Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F.Supp. 1572 (D.Haw.1988).

In addition, Local Rule 230(j) governs motions for reconsideration.  Rule 230(j) requires an affidavit or brief setting forth, in part, "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).

2.  <u>Parties Positions</u>

Defendant Ravi asks the Court to reconsider its January 19, 2023 Order granting Plaintiff's Motion to Consolidate this case with E.D. Cal. Case No. 2:20-cv-00146.  (Doc. No. 47-

1 at 13-14).  Ravi argues that the operative complaint in both cases is now identical, and therefore dismissal is warranted in the interests of fairness and judicial economy.  (*Id*.).  Defendant notes that at the time the Motion to Consolidate was briefed, the operative complaints in the two cases were similar but not identical, and the fact that they are now identical constitutes a material change of circumstances warranting reconsideration.  (*Id*. at 14).

Ravi did not oppose Plaintiff's Motion to Consolidate when it was filed, but rather filed a Response indicating that he "is not opposed to consolidating the two actions for Discovery and Trial" in the interest of "judicial convenience and economy."  (E.D. Cal. Case No. 2:20-cv-00146, Doc. No. 58 at 2).  However, Ravi explicitly rejected one of Plaintiff's stated reasons for seeking consolidation, which was to reinstate Plaintiff's time-barred action for state law negligence.  (*Id*.).

Plaintiff opposes Defendant's Motion for Reconsideration, arguing first that it would be "nonsensical" to separate the two lawsuits once again in the name of judicial economy.  (*See* Doc. No. 50 at 13-14).  Second, Plaintiff asserts that Defendant's delay in opposing the consolidation defeats his motion.  (*Id*. at 13).  Finally, Plaintiff contends that if the Court were to dismiss one of the two claims as duplicative, it must dismiss the later-filed action, which is No. 2:20-cv-00146, filed in 2020, rather than the instant case, which was filed in 2019.  (*Id*. at 14).

In a brief response, Defendant points to the heavy case load faced by this Court and argues permitting Plaintiff to litigate "two completely identical actions" is a "waste of judicial resources."  (Doc. No. 51 at 2).

### 3. Analysis

Defendant does not set forth sufficient grounds to warrant granting the extraordinary remedy of reconsideration of the Court's order.  Defendant contends that consolidation should be rejected in the interests of "judicial economy and the comprehensive disposition of litigation" but does not articulate why consolidation would reduce judicial economy.  (*Id*. at 14) (citing *Jensen v. Secorp Indus*., 2019 WL 8064603 at *2 (C.D. Cal. Dec. 9, 2019).  Indeed, in granting the motion to consolidate, the Court noted it did so to "avoid unnecessary costs and duplication of proceedings."  (Doc. No. 45 at 2).  To that end, the Court directed the parties to file documents under only the lead case (*Rios v. Spearman*), thereby streamlining and expediting the review of

filings.  (*See* Doc. No. 45 at 2).  Consolidation permits the Court to evaluate the common legal and factual issues presented by the two cases through one set of briefings—an important advantage favored by the Federal Rules.  *See* Fed. R. Civ. P. 42.

Defendant points to Plaintiff's filing of an identical TAC in *Rios v. Spearman* as in *Rios v. Greenleaf* as a "novel and unusual circumstance which warrants the Court's reconsideration of its ruling." (Doc. No. 47-1 at 14).  Defendant does not articulate why, however, this change in circumstance should change the Court's ruling and the Court cannot discern a reason.  Indeed, the fact that identical pleadings were filed in the two cases tends to support the Court's reasoning that the two cases involve common issues of fact and law that can best be reviewed through a single set of filings.  *See* Fed. R. Civ. P. 42.

While Defendant urges the Court to dismiss this case as duplicative of the member case, *Rios v. Greenleaf*, it is within the Court's sound discretion to consolidate two cases rather than dismiss one as duplicative. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("[a]fter weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions.") *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("Because of the obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending, a court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.").  Defendant has not shown how the Court's decision to consolidate constituted clear error or why reconsideration is required to prevent manifest injustice.  Accordingly, the Court denies Defendant's Motion for Reconsideration.

**B.  Motion to Dismiss**

Defendant Ravi moves to dismiss on several grounds, including inter alia that he is not a state actor and thus not subject to suit under 42 U.S.C. § 1983, (Doc. No. 47-1 at 14-16), because the TAC fails to allege facts sufficient to support a finding of deliberate medical indifference

5

against him, (Doc. No. 47-1 at 16-21), and for lack of subject matter jurisdiction under Rule 12(b)(1). In support of his argument that he is not a state actor and that the TAC fails to state an Eighth Amendment claim, Defendant attaches his declaration and copies of his progress notes from Plaintiff's visit to MHB on September 20, 2018. (Doc. Nos. 47-2, 47-3). Defendant Ravi also argues that the state law medical negligence claim against him is time-barred. (*Id*. at 22). Finally, Defendant argues that Plaintiff's claim for punitive damages fails because the TAC does not plead facts necessary to support punitive damages, including proof of an "intent to injure or despicable conduct carried out with a willful and conscious disregard of a plaintiff's safety." (*Id*. at 27) (citing Cal. Civil Code § 3294). Defendant also asserts that Plaintiff fails to cite any authority justifying attorney's fees for his state law negligence claim. (*Id*. at 28).

The Court intends to consider evidence extrinsic to the pleadings (including Defendant Ravi's declaration) in connection only with Defendant's contention that he did not act "under color of state law." Accordingly, Defendant's January 30, 2023 motion to dismiss, to that extent, is converted to a motion for summary judgment and the Court will, by this order, give all parties an opportunity to file additional evidence in support of and in opposition to this aspect only of Defendant's motion. *See* Fed. R. Civ. P. 12(d).

Because the remaining issues raised by Defendant's motion may be mooted by Defendant Ravi's converted motion for summary judgment on the state actor issue, the Court defers ruling on: (1) whether the TAC fails to state a claim as to Count II; (2) whether to grant Defendant's 12(b)(1) motion to dismiss Count II; (3) whether Count III is time-barred; and (4) whether Plaintiff's claims for punitive damages and attorney's fees are supported by law.

Accordingly, for the reasons set forth above, it is hereby **ORDERED**:

1. Defendant's Motion for Reconsideration (Doc. No. 47) of the Court's Order consolidating cases is DENIED.
2. Defendant's Motion to Dismiss (Doc. No. 47), is converted to a motion for summary judgment only with respect to Defendant's claim that Defendant Ravi is not a state actor.
3. The Parties shall be afforded 45 days to engage in limited discovery on this one issue

set forth above.

4. Defendant shall file a moving brief **no later than December 18, 2023**. Absent any extensions of time, opposition and reply briefs shall be governed by Local Rule 230(l).

Dated:    September 26, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE