1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ISRAEL RIOS,                                Lead Case No.  1:19-cv-01009-KES-HBK (PC)

12                  Plaintiff,                    Member Case No.  2:20-cv-00146-ADA-HBK

13          v.

14   NANDAKUMAR RAVI and JOSEPH                   ORDER ADOPTING FINDINGS AND
     DRAGON,                                      RECOMMENDATIONS
15
                    Defendants.                   Docs. 47, 61, 66
16

17          Plaintiff Israel Rios is a state prisoner represented by counsel and proceeds on his third

18   amended complaint ("TAC") filed pursuant to 42 U.S.C. § 1983.  Doc. 36.  The matter was

19   referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

20   302.

21          On June 14, 2024, the assigned magistrate judge issued findings and recommendations to

22   grant in part defendant Ravi's motion to dismiss and deny Ravi's limited motion for summary

23   judgment.[1]  Doc. 66.  The parties were notified that any objections to the findings and

24   recommendations were due within 14 days after service.  *Id.* at 30.  Ravi and Rios each filed

25   objections and responses to the other party's objections.  Docs. 67, 68, 69, 70.

26   _____

27   [1] "Finding that whether Defendant Ravi is a state actor potentially dispositive of the case, the
     Court converted the MTD into a limited motion for summary judgment on the state actor issue
     only, reserving its ruling on the other aspects of the MTD, and ordered the parties to submit
28   additional briefing related to the state actor issue."  Doc. 66 at 2.

1    In his objections, defendant Ravi contends that the findings and recommendations are

2    erroneous to the extent they recommend denying his motion to dismiss the Eighth Amendment

3    deliberate indifference claim asserted against him in the TAC.  Specifically, Ravi contends that

4    the allegation that he failed to prescribe antibiotics to Rios reflects a difference of medical

5    opinion, which at most supports a claim for medical negligence, not one under the Eighth

6    Amendment for deliberate indifference.[2]  Doc. 67 at 8.  Ravi disputes the magistrate judge's

7    finding that his proposed course of treatment—i.e., a diagnostic scan of Rios' gallbladder—may

8    have been medically unacceptable under the circumstances and contends that Rios alleges no

9    facts to support such a conclusion.  *Id*. at 9; *see also* Doc. 66 at 24–25.  Ravi also argues that his

10   failure to take a more extensive medical history from Rios is insufficient to support an Eighth

11   Amendment deliberate indifference claim.  Doc. 67 at 9–10.  Finally, Ravi argues that he could

12   not be deliberately indifferent to Rios' serious medical needs because he was unaware that Rios

13   had not received antibiotics for his condition.[3]  *Id.* at 11–13.

14   In response, Rios argues the magistrate judge correctly found a cognizable Eighth

15   Amendment claim against Ravi.  Doc. 70.  He asserts that the TAC contains facts sufficient to

16   satisfy both the objective and subjective prongs of an Eighth Amendment deliberate indifference

17   claim.  *Id.* at 1–2.  Rios asserts that the cases cited by Ravi for the proposition that a failure to

18   prescribe antibiotics amounts at best to medical negligence, are distinguishable.  *Id.* at 2–3.  And

19

20   [2] Rios suffered from an active and diagnosed Helicobacter pylori infection.  Doc. 36 at ¶ 21.  He
     alleges that "H. Pylori is a stomach bacteria that can cause gastritis (stomach inflammation),

21   peptic ulcers, duodenitis (small intestine inflammation), and bleeding peptics ulcers" and that

22   "[a]n untreated H. Pylori infection puts a patient at elevated risk for gastric cancers."  *Id.* at ¶ 22.

23   [3] In his objections, Ravi briefly notes that Rios' deliberate indifference claim fails for failure to
     plead exhaustion of administrative remedies.  Doc. 67 at 4 n.1.  As that argument was not raised

24   in the motion to dismiss or in the limited motion for summary judgment, it is not properly fit for
     consideration here.  "In the rare event that a failure to exhaust is clear on the face of the

25   complaint, a defendant may move for dismissal under Rule 12(b)(6).  Otherwise, defendants must
     produce evidence proving failure to exhaust in order to carry their burden."  *Albino v. Baca*, 747

26   F.3d 1162, 1166 (9th Cir. 2014); *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017) ("In most

27   circumstances, the appropriate procedural mechanism is a motion for summary judgment under
     Federal Rule of Civil Procedure 56, with the defendant attaching the evidence necessary to

28   demonstrate a failure to exhaust.").

1    he cites to other cases for the contention that a failure to prescribe medication can constitute

2    deliberate indifference to serious medical needs.  *Id.* at 2.

3        Rios' objections address entirely different aspects of the findings and recommendations.

4    Doc. 68.  First, Rios contends that his negligence claim against Ravi—which the magistrate judge

5    found was time-barred—should be reinstated under Federal Rule of Civil Procedure 54(b).  *Id.* at

6    2–3.  Alternatively, Rios argues that his negligence claim meets the requirements for relation

7    back under Rule 15(c).  *Id*. at 3–5.  According to Rios, certain representations made by Ravi in a

8    motion to strike a prior complaint demonstrate that "Ravi clearly received such notice of the

9    action that he will not be prejudiced in defending it, and knew or should have known that the

10    action would have continued to be maintained against him but for [Rios'] mistake in naming" a

11    different defendant.  *Id.* at 4.  Rios maintains that the magistrate judge incorrectly inferred that his

12    decision to omit Ravi from the second amended complaint was strategic and that the "more

13    reasonable inference to draw is that Mr. Rios misunderstood the requirements of pleading both in

14    a civil rights action and a medical negligence action that the treating physician, not the referring

15    physician, should be named."  *Id.* at 5.  Finally, Rios argues that the magistrate judge was

16    incorrect in merely finding a genuine dispute of material fact as to whether Ravi was acting under

17    color of state law and that the Court should sua sponte grant summary judgment to Rios on this

18    issue.  *Id.* at 5–7.  In response, Ravi argues that the magistrate judge was correct in (1) finding

19    that the statute of limitations barred Rios' negligence claim and (2) declining to sua sponte grant

20    summary judgment in Rios' favor on the color of state law issue.  Doc. 69.  Ravi also contends

21    that the negligence claim cannot be reinstated as the statute of limitations has run.  *Id.* at 6–7.

22        In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

23    novo review of this case.  Having carefully reviewed the file, the Court finds the findings and

24    recommendations to be supported by the record and by proper analysis.

25        The parties' objections are not persuasive and do not undermine the findings and

26    recommendations.  In recommending that Ravi's motion to dismiss be denied in part, the

27    magistrate judge correctly concluded that the TAC alleges a cognizable Eighth Amendment

28    deliberate indifference claim against Ravi.  Rios plausibly alleged that Ravi was aware of his

1   serious medical condition but failed to include treatment for the active infection, failed to make

2   pertinent inquiries as to the infection, and failed to prescribe antibiotics despite knowing that Rios

3   was suffering from abdominal pain.  The Court agrees with the magistrate judge that the

4   allegations in the TAC, taken as true, support a finding that Ravi's actions were "medically

5   unacceptable under the circumstances" and were chosen "in conscious disregard of an excessive

6   risk" to Rios' health.  *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021); Doc. 66 at 24–

7   25.

8        Ravi does not dispute that he did not address the active infection.  Ravi's recommendation

9   for diagnostic scanning of Rios' gallbladder does not change this fact or undermine the

10  allegations that Rios experienced severe abdominal pain which abated only through subsequent

11  antibiotic treatment months later, and that his stomach infection may have exacerbated other

12  existing gastric problems.  "The provision of some medical treatment . . . does not immunize

13  officials from the Eighth Amendment's requirements."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 793

14  (9th Cir. 2019) (citing *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000)).  Although a mere

15  disagreement of medical opinion is insufficient to establish a claim for deliberate indifference, the

16  cases Ravi cites in his objections do not establish that the failure to treat a *known and active*

17  infection is medically acceptable under circumstances akin to those present here.  *Cf. Colwell v.*

18  *Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (recognizing that "as long as the [condition]

19  remains untreated, [the prisoner] continues to suffer . . . , which is harm in and of itself, along

20  with all of the other harms and dangers that flow from that" untreated condition).

21       Similarly, Ravi's argument that he was unaware that Rios had not received antibiotics is

22  also unavailing in light of what he did know: that Rios had an active H. Pylori infection and was

23  experiencing severe pain.  "Neither the Supreme Court nor [the Ninth Circuit] has ever required a

24  plaintiff [asserting a deliberate indifference claim] to show a sinister prison official with improper

25  motives."  *Edmo v. Corizon, Inc.*, 935 F.3d 757, 793 (9th Cir. 2019) (internal quotation marks and

26  brackets omitted).  Plaintiff plausibly alleges at this stage that Ravi knew of and showed

27  deliberate indifference to an excessive risk to Rios' health by failing to address the known

28

4

1   infection.[4]

2       As to Rios' objections that his negligence claim against Ravi should be reinstated or found

3   to relate back, the findings and recommendations appropriately found that the statute of

4   limitations had run on the negligence claim and that Rios failed to satisfy the elements for relation

5   back under Rule 15.  Rios cites no binding authority to support his argument that a time-barred

6   claim against a defendant can be reinstated, as relating back to an earlier-filed complaint, after the

7   plaintiff has voluntarily omitted that defendant from an amended complaint.  Rios sought leave to

8   bring a second amended complaint to pursue allegations against his primary care physician only,

9   noting correctly that Ravi was not that individual.  *See* Doc. 23.  Ravi arguably had notice of the

10  action, satisfying the requirement of Rule 15(c)(1)(C)(i).  However, Rios fails to establish "a

11  mistake concerning the proper party's identity," or that Ravi should have known that the action

12  would have been brought him but for such a mistake, as required by Rule 15(c)(1)(C)(ii).

13  Additionally, Rios's reliance on Rule 54(b)—which provides for the revision of adjudicative

14  orders and decisions before the entry of final judgment—is not persuasive in this context.  *See*

15  Fed. R. Civ. P. 54(b).  The Court did not previously grant a motion to dismiss Ravi from this

16  case; Rios voluntarily chose not to pursue a claim against him in his second amended complaint.

17      The findings and recommendations also correctly rejected Rios' argument on the color of

18  state law issue.  Given that the evidence shows that Ravi's status as a state actor is a close

19  question and involves disputed facts, the Court agrees with the magistrate judge that summary

20  judgment for either party on this issue would be inappropriate.

21  ///

22  ///

23

24  [4] In his motion to dismiss, Ravi briefly argued that punitive damages cannot be awarded for Rios'
    deliberate indifference claim.  Doc 47-1 at 27.  The findings and recommendations did not
25  specifically address this point; however, Ravi implicitly recognizes that "'reckless or callous
    indifference' to [a] plaintiff's constitutional right to be free from cruel and unusual punishment"
26  can support a punitive damages award in a 42 U.S.C. § 1983 action.  *Id.* (quoting *Dang v. Cross*,
    422 F.3d 800, 807 (9th Cir. 2005)).  As Rios has plausibly alleged a deliberate indifference claim,
27  Ravi's argument that punitive damages may not be awarded under a reckless indifference
    standard is unpersuasive.  To this extent, that portion of the motion to dismiss is denied.
28

5

Accordingly:

1.      The findings and recommendations issued on June 14, 2024, Doc. 66, are adopted in full;

2.      Defendant Ravi's motion for summary judgment, Doc. 61, is denied;

3.      Defendant Ravi's motion to dismiss, Doc. 47, is granted as to Count 3 of the TAC, the claim for medical negligence against Defendant Ravi, and denied as to Counts 1 and 2 of the TAC; and

4.      The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 14, 2025

UNITED STATES DISTRICT JUDGE