1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ISRAEL RIOS,                                    Case No.  1:19-cv-01009-KES-HBK (PC)

12              Plaintiff,                          PRELIMINARY CASE MANAGEMENT
                                                    SCHEDULING ORDER
13        v.

14  NANDAKUMAR RAVI and JOSEPH
    DRAGON,
15
                Defendants.
16

17

18        On October 16, 2025, the Court held a scheduling conference with the parties in this case.

19  (Doc. No. 80).  In their Joint Scheduling Report filed on October 8, 2025 (Doc. No. 79), the

20  parties requested bifurcation of this matter in order that the issue related to exhaustion of

21  remedies be resolved before the parties engage in discovery related to the merits of this case.  (*Id.*

22  at 1).   Consequently, the Court will set case management deadlines to limit discovery only to the

23  exhaustion of remedies issue, staying any discovery relating to the merits of this case until after

24  any dispositive motions relating to exhaustion have been filed and ruled upon.  Pursuant to

25  Federal Rules of Civil Procedure 1, 16, and 26-36, the Court sets forth the following preliminary

26  case management deadlines and discovery procedures for this case as follows:

27        ////

28        ////

## I.    Deadlines and Dates

| Action or Event | Date |
|---|---|
| Deadline to consent or decline to jurisdiction of the United States Magistrate Judge: | 11/10/2025 |
| Deadline to join a party or file a motion to amend pleadings: | 11/14/2025 |
| Deadline for discovery and motions to compel on the issue of exhaustion. *See* Fed. R. Civ. P. 37. | 02/17/2026 |
| Deadline for dispositive motions regarding exhaustion. *See* Fed. R. Civ. P. 56. | 03/16/2026 |

### II.    Discovery

All discovery shall be limited to the issue of exhaustion of remedies as required under the Prison Litigation Reform Act.  The parties are bound by the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Court's Local Rules to the extent applicable. The Court follows the rule that the completion date means that all discovery, including the filing of motions to compel, must be finished by the deadline set in the Rule 16 Case Management and Scheduling Order.  Motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

### III.    Deposition of Plaintiff

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), either party may depose Plaintiff.  Pursuant to Fed. R, Civ. P. 30(b)(4), the parties may take any deposition under this section by video conference, relieving the court reporter of the requirement to be in the physical presence of the witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Fed. R. Civ. P. 26(c)(1) if deemed necessary.

Disagreement with any directive of security staff at the institution or prison at which the deposition is scheduled is not a basis for the Plaintiff to refuse to answer questions. Further, the

1  failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions,

2  including terminating the action as provided in Fed. R. Civ. P. 37.

3        **IV.    Informal Discovery Conference Prior to Filing Motion to Compel**

4        If issues arise during discovery the parties the parties must follow the following

5  procedure.  Prior to filing a discovery motion under Fed. R. Civ. P. 37, a party must receive

6  permission from the Court, which the Court will grant following an informal discovery

7  conference.  An informal discovery conference is separate and apart from the Mid-Discovery

8  Conference above.  Please refer to Judge Barch-Kuchta's "Case Management Procedures"

9  included under the "Civil Procedures" tab on this Court's webpage.[1]  A party requesting an

10  informal discovery conference should contact Chambers for available dates.  The Court will

11  schedule the conference as soon as possible, taking into consideration the urgency of the issue.

12  Before contacting the Court, the parties must meet and confer by speaking in person, over the

13  telephone, or via video conference in attempt to resolve the dispute.

14        At least 48-hours before the conference, each party shall simultaneously submit a letter

15  brief, outlining their position regarding the dispute.  The letter briefs shall be no longer than three

16  (3) pages in length.  Letter briefs should not be filed but shall be emailed to Chambers at

17  hbkorders@edca.uscourts.gov.

18        After taking part in the informal discovery conference, the parties must conduct at least

19  one more **telephonic or video** call as part of their obligations to meet and confer in good faith to

20  resolve their discovery dispute prior to seeking judicial intervention.  If a party files a motion to

21  compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement Regarding

22  Discovery Disagreement in compliance with Local Rule 251.  Failure to follow Local Rule 251

23  will result in the Court denying the motion without prejudice and dropping the motion from

24  calendar.  In addition to filing a Joint Statement electronically, a copy of the Joint Statement, in

25  Word format, shall also emailed to Chambers at hbkorders@caed.uscourts.gov.

26        ////

27  _____

28  [1] Available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

**V.    Dispositive Motions, Deadlines and Hearings**

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are required to meet in person or by telephone and confer to discuss the issues to be raised in the motion.  The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the Court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts in addition to the requirements under Local Rule 260.  In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above or must forth a statement of good cause for the failure to meet and confer.

Unless the Court grants prior leave, all moving and opposition briefs or legal memorandum in civil cases before Judge Barch-Kuchta shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits or declarations.  A party must move and show good cause for exceeding these page limitations before filing a motion beyond these page limits.  Any motions filed in excess of these page limitations may be struck.

A party shall lodge a Word version of any dispositive motion to chambers at: hbkorders@caed.uscourts.gov and shall mail a courtesy hard-copy of any motions with exhibits that exceed twenty-five (25) pages in length to the Clerk of Court at 2500 Tulare St., Fresno, CA 93721 and marked "to the Attention of: HBK Chambers."  The courtesy hard copy shall reflect the CM/ECF document numbers and pagination.

The deadline to file dispositive motions on the issue of exhaustion of administrative remedies: **03/16/2026**.  The deadline to file opposition is **thirty-five (35) days** from the date the motion is filed.  The deadline to file a reply is **fourteen (14) days** from the date the opposition is filed.  If any party needs an extension to these deadlines, that party must file a motion for an

1  extension of time supported by good cause.  As a rule, the Court will consider an exhaustion

2  based motion for summary judgment on a review of the papers without oral argument under Local

3  Rule 230(g).  If the Court decides an evidentiary hearing is necessary following review of the

4  record and briefs on file, the Court will set a hearing.

5      **VI.  Further Dates and Deadlines**

6      If this case proceeds after dispositive motions have been resolved, or if no dispositive

7  motions are filed, the Court will set deadlines for discovery related to the merits of this case.

8      **VII.    Effect of This Order**

9      This Preliminary CMSO represents the best estimate of the Court and parties as to the

10  schedule most suitable for this case.  The dates set in this Order are firm and will not be modified

11  absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations

12  extending the deadlines will not be considered unless they are accompanied by affidavits or

13  declarations, and where appropriate, attached exhibits, which establish good cause for granting

14  the relief requested.  The failure to comply with this Order may result in the imposition of

15  sanctions.

16

17  Dated:    October 22, 2025

18  HELENA M. BARCH-KUCHTA
    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28