UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANDAKUMAR RAVI and JOSEPH DRAGON,<br><br>　　　　　Defendants. | Case No.  1:19-cv-01009-KES-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT[1]<br><br>(Doc. No. 84)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(Doc. No. 89)<br><br>ORDER SETTING CASE MANAGEMENT DEADLINES |

　　　　Pending before the Court is Plaintiff's motion for leave to file a Fourth Amended Complaint filed on November 14, 2025.  (Doc. No. 84, "Motion").  Defendant Ravi filed an Opposition on November 26, 2025 (Doc. No. 85), and Defendant Dragon filed an Opposition on December 1, 2025 (Doc. No. 86).  Plaintiff filed his Reply on December 11, 2025 (Doc. No. 88), accompanied by a request for Judicial Notice (Doc. No. 89).  The Court heard argument on Plaintiff's Motion on December 19, 2025.  (Doc. No. 91).  For the reasons stated below, the Court grants Plaintiff's Motion.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal.).

I. BACKGROUND AND PLEADINGS

This action originated as two separate cases, *Rios v. Spearman*, *et al.*, 1:19-cv-01009-KES-HBK and *Rios v. Greenleaf*, *et al.*, 2:20-cv-00146-ADA-HBK, both which were filed by Plaintiff Israel Rios while proceeding pro se. In *Greenleaf*, Plaintiff litigated without an attorney until April 2021, when the assigned magistrate judge appointed counsel to assist Plaintiff in drafting a first amended complaint. (*Id.*, Doc. Nos. 42, 43). In the *Spearman* action, counsel filed a declaration of intention to represent Plaintiff on September 29, 2022. (Doc. No. 33-1).

Plaintiff filed a motion to consolidate in both *Greenleaf* and *Spearman*, which the Court granted on January 19, 2023. (Doc. No. 45; *Greenleaf*, Doc. No. 54). The consolidated cases proceed in this lead case against Defendants Ravi and Dragon on Eighth Amendment claims arising from the Defendants' alleged failure to treat Plaintiff's diagnosed H. Pylori infection. (Doc. No. 71).

A. Plaintiff's Motion to Amend

Plaintiff's proposed fourth amended complaint does not alter the allegations against Defendant Ravi. (Doc. No. 84-1). Rather, Plaintiff seeks to "clarify" that his deliberate indifference claim against Defendant Dragon includes Dragon's role in lifting a medical hold that resulted in the transfer of Plaintiff to High State Desert Prison. At the hearing, Plaintiff confirmed that the new allegations in the proposed fourth amended complaint do not constitute a new cause of action or claim against Defendant Dragon, but only assert additional facts in support of his Eighth Amendment deliberate medical indifference claim against Dragon.

Plaintiff argues the amendment is timely under the Case Management and Scheduling Order and should be governed by Federal Rule of Civil Procedure 15. (Doc. No. 84 at 3). Plaintiff contends Defendants will not be prejudiced by the requested amendment because Defendants have been on notice of the facts regarding the medical hold since the inception of both the lead case and the member case in this action. (*Id.* at 4:19-21). Plaintiff asserts that the amendment introduces no new theories, will not disrupt discovery timelines, and does not change the nature of the litigation. (*Id.* at 4-5). Finally, Plaintiff argues that the amendment is not futile because lifting a medical hold can constitute deliberate indifference under the Eighth

2

1  Amendment. (*Id.* at 5).

    B. Defendants' Oppositions

Defendant Ravi argues that Plaintiff seeks to add allegations that were known at the initiation of this action, and therefore the Motion should be denied due to undue delay and prejudice. (Doc. No. 85 at 2:17-19). Further, Defendant Ravi argues that allowing the amendment would cause prejudice by forcing him to "bear further litigation costs in preparing an answer and reviewing additional discovery, and to endure further delay" in an action from which he was previously dismissed. (*Id.* at 3:9-12).

Defendant Dragon argues that the Motion should be denied as prejudicial because Plaintiff is attempting to add claims not previously alleged against him and potential witnesses may have moved or lost memory of the events that occurred over seven years ago. (Doc. No. 86 at 9:14-28). He further notes that discovery has not been conducted on the issue of Plaintiff's exhaustion of administrative remedies regarding this specific claim. (*Id.* at 10:9-13).

Defendant Dragon argues that Plaintiff unduly delayed seeking amendment, as the event occurred more than seven years ago, and the initial complaint was filed six years ago. (*Id.* at 11:22-27). Dragon contends Plaintiff offers no valid reason for this delay, particularly given that appointed counsel in the *Greenleaf* matter previously omitted these claims when he filed his first amended complaint (*Greenleaf*, Doc. No. 46). (*Id.* at 12-13). Finally, Defendant Dragon argues the amendment constitutes bad faith to delay summary judgment. (*Id.* at 16-17).

    C. Plaintiff's Reply and Motion for Judicial Notice

In his reply, Plaintiff argues that the amendment will not prejudice Defendants because discovery remains open, and any harm from the delay in bringing the claim against Defendant Dragon falls disproportionately on Plaintiff, who bears the burden of proof. (Doc. No. 88 at 4:10-12). Plaintiff attributes the failure to include these claims earlier to oversight by counsel rather than bad faith. (*Id.* at 4-5). Plaintiff maintains that the prior amendments do not bar the current request, noting that only one amendment occurred after the appointment of counsel. (*Id.* at 5-6). Plaintiff further argues that the amendment is not futile, as he alleges Defendant Dragon had knowledge of the medical hold and deliberately disregarded the risk to Plaintiff's continuity of

3

1  care when he lifted the hold.  (*Id.* at 7:2-5).   In support, Plaintiff requests that the Court take

2  judicial notice of Appendix 1, (b)(1) the California Correctional Health Care Services, Health

3  Care Department Operations Manual that sets out the classification factors for a temporary

4  medical hold.  (Doc. No. 89).  This Manual is available on the CDCR's website.[2]  (*Id.*).

5     "The Court may judicially notice a fact that is not subject to reasonable dispute because it:

6  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

7  readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

8  Evid. 201(b).  The Court grants Plaintiff's request for judicial notice as it regards information

9  available to the public on governmental websites.  *See Daniel-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

10  992, 998–99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was

11  made publicly available by government entities [ ], and neither party disputes the authenticity of

12  the web sites or the accuracy of the information displayed therein."); *see also Jones v. Pollard*,

13  2023 WL 4728802, at *2 n.7 (S.D. Cal. July 24, 2023) (granting the defendant's unopposed

14  request for judicial notice of publicly available information on CDC's website).

## II.  APPLICABLE LAW AND ANALYSIS

16     Following an initial scheduling conference on October 16, 2025, the Court issued a

17  Preliminary Case Management Scheduling Order pursuant to Fed. R. Civ. P. 16 that set, *inter*

18  *alia*, November 14, 2025, as the deadline to join parties or amend pleadings.  (Doc. No. 81).  On

19  November 14, 2025, Plaintiff filed a motion seeking leave to amend the operative complaint to

20  add allegations that Defendant Dragon was deliberately indifferent under the Eighth Amendment

21  when he lifted Plaintiff's medical hold.  (Doc. No. 84). Because Plaintiff filed the Motion within

22  the timeframe issued by the Court, Plaintiff is entitled to the "liberal amendment procedures

23  afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 952 (9th

24  Cir. 2006).

25     Rule 15 mandates this Court to "freely give leave when justice so requires."  Fed. R. Civ.

26  P. 15(1)(2).  "In the absence of any apparent or declared reason—such as undue delay, bad faith

---

[2] https://www.cdcr.ca.gov/hcdom/dom/chapter-1-health-care-governance-and-administration.  Neither Defendant raised any objections to the Court taking judicial notice at oral argument.

4

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" leave must be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  When considering the *Foman* factors, case law cautions that "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspen, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

A. Undue Delay

Undue delay, by itself, is insufficient to deny leave to amend and must be weighed alongside prejudice, bad faith, or futility. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001); *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254 (9th Cir. 1981); *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).  To determine if delay is "undue," courts evaluate: (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) the status of discovery; and (3) the proximity to trial. *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC,* 309 F.R.D. 645, 652 (W.D. Wash. 2015) (*citing Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)).  The Ninth Circuit routinely denies amendment where the moving party knew or should have known the facts but failed to include them in earlier pleadings. *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.), *vacated on other grounds*, 459 U.S. 810 (1982), *on remand*, 713 F.2d 503 (9th Cir. 1983), *opinion amended*, 726 F.2d 1366 (9th Cir. 1984); *see also Kourtis v. Cameron*, 358 F. App'x 863, 867 (9th Cir. 2009) (affirming denial of amendment where plaintiff sought to add defendants nearly four years after they became known).

Here, Plaintiff seeks to assert new allegations based on the lifting of a medical hold—facts that Plaintiff personally knew at the inception of both the *Spearman* case and the *Greenleaf* case five years ago.  (Doc. No. 84-1 at 3).  Defendant Dragon argues that Plaintiff's omission of the claim amounts to undue delay since the court appointed counsel to assist Plaintiff in investigating his claims in the *Greenleaf* case and filing an amended complaint more than four years ago.  (Doc. No. 86 at 11).

Plaintiff argues that the omission of these facts was merely an "oversight of counsel."

(Doc. No. 88 at 2:6-9).  Courts have rejected similar arguments, finding that even where discovery remains open, oversight does not outweigh a yearlong delay in bringing the claims plaintiff later seeks leave to add.  *See Witkin v. Wise*, No. 2:19-cv-0974-KJM-KJN, 2020 WL 5543979, at *8 (E.D. Cal. Sept. 15, 2020).  Despite filing two amended complaints in the *Spearman* case and an amended complaint in the *Greenleaf* case, Plaintiff did not include these known facts as alleged against Defendant Dragon in any prior amended complaints.  The fact that Defendants were also aware of the possible claim due to the prior complaints does not excuse Plaintiff's delay in bringing this claim.  *Bristol SL Holdings, Inc. v. Cigna Health Life Ins. Co.*, 2020 WL 4873528, at *4 (C.D. Cal. June 30, 2020) (finding that a plaintiff unduly delayed in bringing a claim when plaintiff had amended their complaint twice and knew about the claim at the inception of the suit, even if defendant was also aware of such claim or legal theory).  Despite discovery still being open and a trial date not yet set, a delay of over five years to introduce this theory against Defendant Dragon constitutes undue delay.  Accordingly, this factor weighs heavily against granting leave to amend.

B.  Bad Faith

Bad faith exists when leave to amend is sought with the "intent to deceive, harass, mislead, delay, or disrupt." *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).  An inference of bad faith may be raised when a plaintiff repeatedly files amended complaints.  *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1520 (9th Cir. 1983).

Here, Defendants argue the late addition of claims amounts to bad faith because Plaintiff's counsel represented that they had no intention to file an amended complaint.  (Doc. No. 86 at 15, ¶ 4).  Defendants do not cite to case law supporting the proposition that a lack of candor regarding future amendment plans constitutes bad faith.  *See Bennett v. Primadonna Co., L.L.C.*, No. 2:15-cv-00575, 2016 WL 843257, at *4 (D. Nev. Mar. 1, 2016) (finding lack of candor did not permit denial on bad faith grounds).  Because Plaintiff's omission appears to be a mistake rather than a tactical delay, this factor weighs in favor of granting leave to amend.

////

1        C.  Prejudice to the Opposing Party

2        Prejudice to the opposing party is the "touchstone of the inquiry under Rule 15(a)."
3   *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052.  The burden is on the party opposing
4   an amendment to show "undue prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187
5   (9th Cir. 1987); *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022).
6   In determining if additional claims will prejudice a defendant, the court examines whether the
7   claims will require further discovery or research, delay the proceedings, or increase litigation
8   costs.  *Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989).  Specifically, the
9   Court considers whether the amended complaint would "greatly change the parties' positions in
10  the action and require the assertion of new defenses."  *Kohler v. Flava Enterprises, Inc.*, No. 10-
11  CV-730, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011).  Absent prejudice, there is a
12  presumption in favor of granting leave to amend.  *Eminence Capital*, 316 F.3d at 105.

13       Plaintiff contends that the proposed amendment merely seeks to clarify a current claim
14  against Defendant Dragon and does not allege a new claim.  (Doc. No. 84 at 1).  Conversely,
15  Defendant Dragon argues that the proposed "medical hold" claim is legally and factually distinct
16  from the pending medical indifference claims regarding a failure to treat with antibiotics.
17  Defendant notes these claims involve different dates, evidence, and facts.  (Doc. No. 86 at 10:7-
18  9).  Defendant argues that granting leave would cause undue prejudice due to the potential loss of
19  evidence and witnesses over the last seven years, as well as the necessity of reopening discovery.
20  (Doc. No. 86 at 9–10).

21       Generally, prejudice is mitigated when discovery is still open and no trial date is pending,
22  as is the case here.  *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL
23  4473626, at *5 (E.D. Cal. Sept. 17, 2018).  Defendants have not articulated a clear basis for
24  prejudice in their Opposition or during oral arguments (i.e., have not identified any specific
25  witnesses who would be unavailable due to the passage of time, any explicit increase in cost to
26  litigate if Plaintiff is allowed to amend, etc.).  *See Quezada v. United Airlines, Inc.*, No. 2:24-CV-
27  00339-MRA-JPR, 2025 WL 504478, at *6 (C.D. Cal. Jan. 13, 2025) (finding the fact that
28  defendant may need to conduct additional discovery alone fails to constitute prejudice) (citing

*Padilla v. Sears, Roebuck & Co.*, No. 5:12-cv-00653 EJD, 2012 WL 5505071, at *2 (N.D. Cal. Nov. 13, 2012)). While the operative complaint was filed three years ago, the parties have not conducted any merit-based discovery or conducted depositions. *Sousa v. Walmart, Inc.*, No. 1:20-CV-00500-EPG, 2023 WL 5278662, at *6 (E.D. Cal. Aug. 16, 2023) (finding no prejudice in granting leave to amend a case three years after it was filed when discovery deadlines had not lapsed). Because Defendants have not shown "undue prejudice" this factor weighs heavily in favor of granting Plaintiff leave to amend.

### D. Futility of Amendment

A court may deny leave to amend if the amended pleading would be futile or subject to dismissal. *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). An amendment is futile if there is no set of facts that Plaintiff can allege that would constitute a valid claim. *Miller v. Rykoff-Sexton*, Inc., 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). While Defendants state that Plaintiff's proposed amendment "lacks merit" (Doc. No. 86 at 10:6), Plaintiff does not have to prove the amendment has merit for a motion to amend to be granted. Plaintiff's only requirement is to allege a claim that is not futile. The lifting of a medical hold can constitute deliberate medical indifference. *Holmes v. Estock*, No. 16-cv-2458-MMA-BLM, 2021 WL 568790, at *24 (S.D. Cal. Feb. 16, 2021) (finding a lifting of a temporary medical hold sufficient to show deliberate medical indifference). Thus, the Court cannot determine at this stage that amendment would be futile. Therefore, this factor weighs in favor of granting Plaintiff leave to amend.

### III. CONCLUSION

Plaintiff is correct that delay alone is insufficient to deny leave to amend under Rule 15. *See Reply* 5–6; *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981). In considering the remaining *Foman* factors, the Court finds they weigh in favor of granting Plaintiff leave to amend. Defendants have not shown undue prejudice, nor that Plaintiff's claim is futile. Therefore, the Court will grant Plaintiff's Motion to file a Fourth Amended Complaint.

The Parties voiced concerns about the age of this case at the hearing. Further, the Parties raised the possibility that an evidentiary hearing may be necessary as to the issue of exhaustion.

1  Thus, to expedite this case, the Court will set further case management deadlines.  The parties are
2  urged to complete discovery as promptly as practicable so that an evidentiary hearing concerning
3  exhaustion, if necessary, may be scheduled without the need to further extend any case
4  management deadlines. The parties are reminded that the applicable deadlines represent outside
5  limits, not target dates, and that diligent prosecution of the case is necessary to ensure prompt
6  placement on the Court's calendar and orderly progression of the case.

   Accordingly, it is hereby ORDERED:

   1. Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. No. 84) is GRANTED.
   2. Plaintiff shall file his Fourth Amended Complaint no later than January 9, 2026.
   3. Plaintiff's Request for Judicial Notice (Doc. No. 89) is GRANTED.
   4. The following deadlines shall govern this action going forward:
       a. Deadline to file exhaustion-based motions: 03/16/2026.
       b. Deadline to complete non-expert discovery: 09/22/2026.  Fed. R. Civ. P. 37.
       c. Deadline to disclose expert report(s): 10/22/2026.  Fed. R. Civ. P. 26(a)(2).
       d. Deadline for disclosing any expert rebuttal report(s): 11/23/2026.
       e. Deadline for expert discovery: 12/23/2026.
       f. Deadline to file pre-trial dispositive motions: 01/22/2027.  Fed. R. Civ. P. 56.
   5. The procedures set forth in the October 22, 2025 Preliminary Case Management and Scheduling Order (Doc. No. 81) otherwise will continue to govern this action.
   6. The Parties may contact Chambers any time if they wish to participate in an early settlement conference with a magistrate judge.

Dated:   January 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE